# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | |
|---|---|
| GERALD CASMERE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV608-053 |
| | ) |
| CO II DEIDRA EDWARDS; STEVE | ) |
| UPTON; JOHNNY SMITH; JOHN | ) |
| PAUL and; DANE DASHER, | ) |
| | ) |
| Defendants. | ) |

## **REPORT AND RECOMMENDATION**

Gerald Casmere has filed an action pursuant to 42 U.S.C. § 1983. (Doc. 1.) On July 10, 2008, this Court entered an Order granting his motion to proceed *in forma pauperis*. (Doc. 4.) The Order explained that under the Prison Litigation Reform Act of 1995 (PLRA), Pub. L. No. 104-134, 110 Stat. 1321-71, all prisoners, even those proceeding *in forma pauperis*, must pay the requisite $350 filing fee. 28 U.S.C. § 1915(b)(1). To facilitate payment of the filing fee, the Court included with its Order two forms — a

Prisoner Trust Fund Account Statement and a Consent to Collection of Fees from Trust Account form — with a warning to return them by August 9, 2008, or face a recommendation of dismissal without prejudice. (Doc. 4.) Casmere has failed to return the forms.[1]

Because Casmere failed to return the forms or respond to the Court's Order, his case should be **DISMISSED** without prejudice for his failure to prosecute this action. Local Rule 41.1(b) (permitting dismissal for willful disobedience or neglect of any order of the Court); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533 (11th Cir. 1985).

---

[1] Prior to the entry of the Court's July 10, 2008 Order, Casmere did file an "Authorization for Account Withdrawal," which is similar to the "Consent to Collection of Fees From Trust Account" form sent to him along with the July 10, 2008 Order. (Doc. 3.) Nevertheless, Casmere failed to comply with the Court's Order by submitting the standard forms this Court requires in every § 1983 case filed by a prisoner proceeding IFP. (Doc. 4 at 4) (noting that "[p]laintiff must return both the Prisoner Trust Account Statement and the Consent to Collection of Fees from Trust Account to the Clerk within thirty days of this Order").

**SO REPORTED AND RECOMMENDED** this  22nd   day of August, 2008.

                                                  /s/ **G.R. SMITH**
                                                  **UNITED STATES MAGISTRATE JUDGE**
                                                  **SOUTHERN DISTRICT OF GEORGIA**